UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PHILIPPA FLETCHER,

    Plaintiff,

v.                                                      Case No:   6:14-cv-125-Orl-TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## ORDER

Pending before the Court is Richard A. Culbertson's Unopposed Request for Authorization to Charge a Reasonable Fee and Memorandum on Reasonable Fees Pursuant to 42 U.S.C. 406(b) (Doc 23).   For the reasons that follow, the motion is **GRANTED**.

After a court-ordered remand in this Social Security disability case, the Commissioner of Social Security found Plaintiff Philippa Fletcher disabled and awarded her $133,643.80 in past-due disability insurance benefits (Doc. 23-2).   The Commissioner withheld $33,410.95, which is 25% of the total award, for the payment of attorney's fees (Id.).   The Court previously awarded Plaintiff's counsel, Mr. Culbertson, $579.70 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") (Doc. 22), and $6,000 in attorney's fees was awarded at the administrative level (Doc. 23 at 2).   Mr. Culbertson now seeks an award of attorney's fees under 42 U.S.C. § 406(b) in the amount of $2,920.30 (Id.).   He advises that he has agreed to reduce his fee request under § 406(b) from $32,831.25 (which is 25% of the past due benefits minus the fees previously awarded under the EAJA) to $2,920.30 (which is $3,500 minus the fees

previously awarded under the EAJA) because the Commissioner agreed to a voluntary remand after the complaint was filed.   Mr. Culbertson represents that Defendant's attorney has been contacted and has no objection to the requested relief (Id.).

Under 42 U.S.C. § 406(b), an attorney who secures a favorable result for his or her client on remand from federal court may petition the court for a reasonable fee, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled.   42 U.S.C. § 406(b)(1)(A).   In capping the fee at 25 percent, "Congress … sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees.'"   Gisbrecht v. Barnhart, 535 U.S. 789, 805 (2002).   "Within the 25% boundary … the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."   Id. at 807.   In determining a reasonable fee award under § 406(b)(1)(A), the Court should first look at the parties' fee agreement.   Id. at 808.   The Court may also consider the character of the representation, the results achieved, "[i]f the attorney is responsible for delay," or "[i]f the benefits are large in comparison to the amount of time spent on the case."   Id.

Plaintiff entered into a contingent fee agreement with Mr. Culbertson that provides for him to receive "a fee of 25 percent of the total of the past-due benefits to which the claimant is entitled" if the Court "renders a judgment reversing or remanding the administrative decision denying benefits and claimant is ultimately awarded past due benefits."   (Doc. 23-1).   The agreement also provides that any award of attorney's fees under the EAJA "that are paid by the government and retained by Richard A. Culbertson will be applied to reduce the amount of attorneys fees that would otherwise be due from claimant's past-due benefits."   (Id.).   In light of the motion being unopposed, the fee

- 2 -

agreement, and the ultimate award of past due benefits, and considering § 406(b)(1) fees approved pursuant to contingent fee arrangements in other Social Security cases, see e.g., Bibber v. Comm'r of Soc. Sec., No. 6:12-cv-1337-Orl-37DAB, 2015 WL 476190, at *6 (M.D. Fla. Feb. 5, 2015) ($24,386); Hatchett v. Comm'r of Soc. Sec., No. 6:11-CV-1810-ORL-18TBS, 2014 WL 293464, at *2 (M.D. Fla. Jan. 27, 2014) ($23,180.55), I find Mr. Culbertson's fee request reasonable.   See Bookman v. Comm'r of Soc. Sec., 490 F. App'x 314, 316 (11th Cir. 2012) ("[T]he aggregate of the attorney's fees awarded under § 406(a) and § 406(b) may not exceed 25% of the claimant's past due benefits."); Jackson v. Comm'r of Soc. Sec., 601 F.3d 1268, 1273 (11th Cir. 2010) (endorsing offset procedure as an alternative to overpaying attorney and requiring attorney to remit EAJA award to client).

Now, after due consideration, the motion (Doc. 23) is **GRANTED**.   The Court approves Section 406(b) fees in the amount of $2,920.30, to be paid to Mr. Culbertson out of Plaintiff's past due benefits currently being withheld by the Social Security Administration.

**DONE** and **ORDERED** in Orlando, Florida on May 6, 2016.

*[signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record